IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
DOTHAN DIVISION
2007 JUL 16 P 2: 48

| | |
|---|---|
| CHARLES W. CLACKLEY, JR., | CIVIL ACTION NO: |
| | DEBRA P. HACKETT, CLK |
| Plaintiff, | U.S. DISTRICT COURT |
| | 1:07CV646MEF |
| v. | |
| | ADMIRALTY AND MARITIME CLAIM |
| UNITED STATES OF AMERICA | UNDER F.R.C.P. RULE 9(H) |
| (U. S. Military Sealift Command), and | |
| AMERICAN OVERSEAS MARINE CORP. | Filed pursuant to 28 U.S.C. §1916 |
| | permitting seaman to file suit |
| Defendants. | without pre-payment of costs |
| | **DEMAND FOR JURY TRIAL** |

COMPLAINT

The Plaintiff, by his attorney, for a cause of action against the Defendants for

damages, alleges as follows:

The Parties

1.  The Plaintiff, Charles W. Clackley, Jr., is a resident of the city of Dothan in

Houston County, Alabama. On the dates set forth herein, the Plaintiff was employed as a

seaman and member of the crew of the U.S.N.S. STOCKHAM, by the Defendant, American

Overseas Marine Corp., which operated said vessel under a contract with the U.S. Military

Sealift Command.

2.  The U.S.N.S. STOCKHAM is a cargo vessel owned by or operated for the

Defendant, United States of America, and operated by the U. S. Military Sealift Command

and/or other agencies of the United States Government.

1


SCANNED
08 71707

3. The Defendant, United States of America, is a sovereign power and this action is brought against such Defendant under the provisions of the Suits in Admiralty Act, 46 U.S.C. §741, et seq., and/or the Public Vessels Act, 46 U.S.C. §781, et seq., and under any other pertinent statutory provisions permitting such suits. Service of process may be had on the Defendant, United States of America, by serving a copy of this complaint upon the United States Attorney for the Middle District of Alabama, and by mailing a copy of the complaint by certified mail to the Attorney General of the United States.

4. The causes of action set forth herein are governed by the aforementioned statutes, and by the Jones Act, 46 U.S.C. §30104, et. seq. (formerly 46 U.S.C. §688) and by the Admiralty and Maritime Law of the United States, providing a remedy for injuries sustained by the Plaintiff while he employed as a seaman and member of the crew of the U.S.N.S. STOCKHAM, in the capacity Chief Electrician.

5. In the event that the provisions of 46 C.F.R. §§ 327.1 through 327.8 apply to this action, the Plaintiff served a claim on the Military Sealift Command and vessel operator, which was received by the Military Sealift Command by registered mail on May 15, 2007, which set out all of the information required by 46 U.S.C. § 327.4. More than 60 days passed since the service of said claim and the Military Sealift Command has failed to give written notice of allowance or disallowance of said claim. Therefore, it has been "administratively disallowed" under the provisions of 46 U.S.C. § 327.7.

6. The Plaintiff alleges, in the alternative, that the U.S.N.S. STOCKHAM was a vessel owned by, or under demise charter to the Defendant, American Overseas Marine Corp., which was operating said vessel under a time charter to the U.S. Military Sealift Command, in which event the Defendant, American Overseas Marine Corp. would the proper party Defendant in this action, and liable to the Plaintiff for damages resulting from the injuries which are the basis of this suit, under the Jones Act and the Admiralty and Maritime Law of the United States.

First Cause of Action

7. The Plaintiff was injured on or about July 25, 2005, while working as a member of the crew of the U.S.N.S. STOCKHAM, which vessel was then moored at a dock in Guam.

8. The aforesaid accident was due to the negligence of the Defendants and the unseaworthiness of the U.S.N.S. STOCKHAM in one or more of the following alternative respects:

(a) the vessel, its gear, equipment, working spaces, machinery and appurtenances were not fit for their intended purposes;

(b) The Defendant  failed to furnish the Plaintiff with a safe and seaworthy place within to perform his work;

(c) the Defendant failed to maintain the vessel's gear, equipment, working spaces, and machinery in a safe condition for operations;

3

(d) the Defendant failed to properly maintain and/or properly inspect, repair or replace said equipment;

(e) the Defendants, their agents, servants or employees, acting within the line and scope of their employment were negligent and otherwise failed to exercise due care under the circumstance of this accident.

As a proximate result of said negligence and unseaworthy conditions of the vessel, as set forth above, the Plaintiff was caused to be injured as hereinafter set out.

9. As a result of said negligence and unseaworthy conditions, the Plaintiff was injured while was repairing the air handler unit when he attempted to pull electrical cable which was stiff and difficult to work with because of dirt and corrosion, and in maneuvering in an attempt to pull out the cable, his foot became jammed between the air handler frame and power cable conduit, causing him to slip, lose his balance and twist his right knee awkwardly, causing injuries to the Plaintiff as hereinafter set forth.

10. By reason of the foregoing, the Plaintiff was caused to sustain severe, painful and permanent injuries to his body; the Plaintiff sustained multiple bruises, contusions and sprains to many parts of his body; the Plaintiff sustained severe damage to the meniscus and other internal damages to his right knee; the plaintiff's injuries are permanent; the Plaintiff has suffered and will continue to suffer in the future much physical pain and mental anguish as a result of his injuries; the Plaintiff has lost much time from his work as a result of said injuries, resulting in his suffering a loss of earnings thereby, and as a result of said injuries,

his wage earning capacity has been greatly diminished; the Plaintiff has incurred medical expenses in the treatment of his injuries and will incur medical expenses in the treatment of the same in the future; all to his damage in a sum exceeding $100,000.00.

WHEREFORE, the premises considered Plaintiff prays that upon trial he recover judgment against the Defendant herein for compensatory damages in excess of $100,000.00 as may be determined by the Court from the evidence admitted at trial, costs of court, and interest; and for such other and further relief, to which he may show himself justly entitled.

## Second Cause of Action

11. The Plaintiff was injured on or about February 12, 2006, while working as a member of the crew of the U.S.N.S. STOCKHAM, which vessel was then docked at the BAE Shipyard in Norfolk, Virginia.

12. The aforesaid accident was due to the negligence of the Defendants and the unseaworthiness of the U.S.N.S. STOCKHAM in one or more of the following alternative respects:

(a) the vessel, its gear, equipment, working spaces, machinery and appurtenances were not fit for their intended purposes;

(b) The Defendant  failed to furnish the Plaintiff with a safe and seaworthy place within to perform his work;

(c) the Defendant failed to maintain the vessel's gear, equipment, working spaces, and

machinery in a safe condition for operations;

(d) the Defendant failed to properly maintain and/or properly inspect, repair or replace said equipment;

(e) the Defendants, their agents, servants or employees, acting within the line and scope of their employment were negligent and otherwise failed to exercise due care under the circumstance of this accident.

As a proximate result of said negligence and unseaworthy conditions of the vessel, as set forth above, the Plaintiff was caused to be injured as hereinafter set out.

13.  As a result of said negligence and unseaworthy conditions, the Plaintiff was injured while he was working in the Engineering Operating Station of the vessel, when a defective shore circuit breaker kicked off, cutting off all power to the vessel and requiring a member of the crew to go to the circuit breaker and reset it.  On this occasion, the circuit breaker tripped and all of the lights on the vessel went out, and the Plaintiff had to leave the engineering operating station and walk down a passage way in order to reset the circuit breaker.  As he was leaving the Engineering Operating Station, he tripped over hoses which had been stretched cross the passage way after he had entered the station, and he fell to the deck, causing injuries to the Plaintiff as hereinafter set forth.

14. By reason of the foregoing, the Plaintiff was caused to sustain severe, painful and permanent injuries to his body; the Plaintiff sustained multiple bruises, contusions and sprains to many parts of his body; the Plaintiff sustained a severe injury to the meniscus and

other internal damage to his left knee; the plaintiff's injuries are permanent; the Plaintiff has suffered and will continue to suffer in the future much physical pain and mental anguish as a result of his injuries; the Plaintiff has lost much time from his work as a result of said injuries, resulting in his suffering a loss of earnings thereby, and as a result of said injuries, his wage earning capacity has been greatly diminished; the Plaintiff has incurred medical expenses in the treatment of his injuries and will incur medical expenses in the treatment of the same in the future; all to his damage in a sum exceeding $100,000.00.

WHEREFORE, the premises considered Plaintiff prays that upon trial he recover judgment against the Defendants herein for compensatory damages in excess of $100,000.00 as may be determined by the Court from the evidence admitted at trial, costs of court and interest; and for such other and further relief, to which he may show himself justly entitled.

DIAMOND, HASSER & FROST, LLP
Attorneys for Plaintiff
1325 Dauphin Street
Post Office Drawer 40600
Mobile, AL 36640-0600
(251) 432-3362

BY: _____
ROSS DIAMOND III  (DIAMR8302)
Alabama Bar No. ASB-8302-A55R

The Plaintiff requests service of process on the United States as follows:

a.    By service by the United States Marshal of one copy of the summons and complaint upon the United States Attorney for the Middle District of Alabama, Montgomery, Alabama.

b.    By service of one copy of the summons and complaint upon the Attorney General for the United States by registered mail at the following address: Honorable Alberto R. Gonzales, Attorney General of the United States Department of Justice, Washington, D.C. 20530

The Plaintiff requests service of process on the Defendant, AMERICAN OVERSEAS MARINE CORP., by certified mail, return receipt requested, at its office:

American Overseas Maritime Corporation
Attn: Claims Department
100 Newport Ave. Ext
Quincy, Massachusetts 02171-1734
