IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
DOTHAN DIVISION

| | | |
|---|---|---|
| CHARLES W. CLACKLEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07cv646-MEF |
| | ) | |
| UNITED STATES OF AMERICA | ) | Admiralty and Maritime Claim |
| (U.S. Military Sealift Command), and | ) | Under F.R.C.P. Rule 9(H) |
| AMERICAN OVERSEAS MARINE | ) | |
| CORP., | ) | Filed pursuant to 28 U.S.C. §1916 |
| | ) | permitting seaman to file suit |
| Defendants. | ) | without pre-payment of costs |

**ANSWER**
**OF**
**THE UNITED STATES OF AMERICA**

Comes now The United States of America and makes this its Answer to Plaintiff's

Complaint:

1.     This Defendant is without knowledge or information sufficient to form a

belief as to the truth of whether or not Plaintiff is a resident of the City of Dothan in

Houston County, Alabama. This Defendant admits that Plaintiff was employed at various

times as a seaman and member of the crew of the USNS STOCKHAM by American

Overseas Marine Corporation, which operated said vessel under a contract with the U.S.

Military Sealift Command. All allegations inconsistent with the foregoing admissions are

denied.

2.     This Defendant admits that the USNS STOCKHAM is a cargo vessel

owned by The United States of America in the service of the U.S. Military Sealift

Command. Any remaining allegations or allegations inconsistent with the foregoing admission are denied.

3.    This Defendant admits that it is a sovereign power and the Plaintiff's action against it must proceed pursuant to the Suits in Admiralty Act, 46 U.S.C. 30901 *et seq.*, and/or the Public Vessels Act, 46 U.S.C. §31101 *et seq.* This Defendant admits that service of process may be had on the U. S. by serving a copy of the Complaint upon the United States Attorney for the Middle District of Alabama, and by mailing a copy of the Complaint by certified mail to the Attorney General of the United States. Any remaining allegations or allegations inconsistent with the foregoing admissions are denied.

4.    This Defendant admits that the causes of action set forth in the Complaint are governed by the Suits in Admiralty Act, Public Vessels Act, the Jones Act, 46 U.S.C. §30104 and the general maritime law of the United States since Plaintiff was a seaman and member of the crew of the USNS STOCKHAM in the capacity of electrician. Any allegations inconsistent with the foregoing admission is denied.

5.    This Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6.    This Defendant denies the allegations in paragraph 6.

7.    This Defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint except that this Defendant admits that Plaintiff was a member of the crew of the USNS STOCKHAM on July 25, 2005.

8.    This Defendant denies the allegations of paragraph 8.

9.    This Defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

2

10.    This Defendant denies the allegations of paragraph 10.

11.    This Defendant is without information sufficient to form a belief as to the truth of the allegations of paragraph 11 except this Defendant admits that Plaintiff was a member of the crew of the USNS STOCKHAM on February 12, 2006.

12.    This Defendant denies the allegations of paragraph 12.

13.    This Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 13.

14.    This Defendant denies the allegations of paragraph 14.

FIRST AFFIRMATIVE DEFENSE

This Defendant avers that if Plaintiff sustained any injury, which is denied, said injury was in no way caused or contributed to by any act, fault or negligence on the part of this Defendant or by those for whom this Defendant is responsible or as a result of any condition of any vessel owned or operated by this Defendant.

SECOND AFFIRMATIVE DEFENSE

This Defendant avers that Plaintiff's injuries, if any, which are denied, are due to causes for which this Defendant is not responsible.

THIRD AFFIRMATIVE DEFENSE

If Plaintiff sustained damages by reason of the matters alleged in his complaint, which is denied, then said damages were caused in whole or in part by Plaintiff's own negligence and fault, and were not caused by the fault, negligence, or unseaworthiness of the U.S.N.S. STOCKHAM or in any manner by any fault or negligence of the United States of America, its officers, agents, general agents, vessels, crew, servants, employees or others for whom it was responsible, including, but not limited to, American Overseas

3

Marine Corporation, its officers, agents, vessels, crew, servants, employees or others for whom it was responsible.

FOURTH AFFIRMATIVE DEFENSE

Any injuries sustained or suffered by Plaintiff at the time and place on the occasions mentioned in the Complaint were caused in whole or in part, or were contributed to, by the negligence, fault or want of care of Plaintiff and not by any negligence or fault or want of care on the part of this Defendant.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the statute of limitations.

SIXTH AFFIRMATIVE DEFENSE

The duty of maintaining the area where the Plaintiff alleges he was injured was solely a duty which Plaintiff owed to this Defendant, therefore, Plaintiff's failure to carry out his duty to keep the area properly maintained, bars the Plaintiff from recovery.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff was injured as a result of the normal hazards or risks of the business in which he was engaged, without fault on the part of this Defendant or anyone for whom it was responsible nor as a result of any condition of any vessel owned or operated by this Defendant.

EIGHTH AFFIRMATIVE DEFENSE

This Defendant avers that if Plaintiff sustained any injury, which is denied, said injury was caused by the negligence or fault of others over whom this Defendant has no right of control or for whose acts this Defendant is not responsible.

4

<u>NINTH AFFIRMATIVE DEFENSE</u>

This Defendant avers that if Plaintiff sustained any injury, which is denied, said injury was caused by the superseding or intervening acts of negligence of other parties over whom this Defendant has no control and for whose acts this Defendant is not responsible.

<u>TENTH AFFIRMATIVE DEFENSE</u>

This Defendant avers that if Plaintiff sustained any injury, which is denied, said injury is a result of a condition or conditions of the Plaintiff's body pre-existing the date of Plaintiff's alleged injury, for which this Defendant is not responsible.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

This Court lacks subject matter jurisdiction as to the claims against Defendant United States of America.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

This Court lacks subject matter jurisdiction over Plaintiff's action against Defendant United States of America in that his complaint alleges damages resulting from the exercise or performance of, or the failure to exercise or perform, discretionary or governmental functions by federal agencies, officers, agents, servants, employees or others for whom the United States of America was or is responsible, for which actions or failures the United States of America cannot be held liable.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's entitlement to interest in this case, if any, against Defendant United States of America is subject to the limitations set forth in the Suits in Admiralty Act, 46 U.S.C. App. §§ 741, *et seq.* and the Public Vessels Act, 46 U.S.C. App. §§ 781, *et seq.*

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to found in this action against the United States.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the claims requirements of Title 46, Code of

Federal Regulations, Section 327.4.

SEVENTEENTH AFFIRMATIVE DEFENSE

The amount of Plaintiff's damages are limited to the amount of his claim

submitted pursuant to Title 46, Code of Federal Regulations, Section 327.4.

> Leura Garrett Canary
> United States Attorney
> Stephen R. Campbell
> Senior Trial Counsel
> Torts Branch, Civil Division
> U.S. Department of Justice
> P. O. Box 14271
> Washington, D. C. 20044-4271
> Telephone: (202) 616-4026
> E-mail: _stephen.campbell@usdoj.gov_
>
> Attorneys for the United States
>
> By: _[signature]_
> Thomas S. Rue (RUETH8241)
> Trial Attorney
> Johnstone, Adams, Bailey,
>     Gordon & Harris, L.L.C.
> P. O. Box 1988
> Mobile, Alabama 36633
> Telephone: (251) 441-9203
> Facsimile: (251) 432-2800
> E-mail: _tsr@johnstoneadams.com_
>
> Of Counsel to the United States

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this _17th_ day of September, 2007 served a copy of the foregoing pleading via United States first class mail, properly addressed and postage prepaid on the following:

       Ross Diamond, III, Esq.
       Diamond, Hasser & Frost, LLP
       P. O. Drawer 40600
       Mobile, Alabama  36640-0600

359123.doc